# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY<br><br>*PLAINTIFF*,<br><br>v.<br><br>CITIZENS INSURANCE COMPANY OF AMERICA<br>and<br>BELFI BROS. AND COMPANY, INC.<br>*DEFENDANTS*. | CIVIL ACTION NO.<br><br>2:24-cv-01879-MAK<br><br>[This Document has been Electronically Filed] |

## MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OF ZURICH AMERICAN INSURANCE COMPANY

Plaintiff Zurich American Insurance Company, individually and as subrogee of James J. Anderson Construction Company, Inc., hereby moves for partial judgment on the pleadings against defendant Citizens Insurance Company of America, in the nature of a Declaration that:

1. Citizens Insurance Company of America is obligated to defend James J. Anderson Construction Company, Inc. in the civil action styled as *Panvini, et ux v. James J. Anderson Construction, et al.,* Philadelphia County Court of Common Pleas, July Term, 2023, No. 02861, and to reimburse plaintiff Zurich American Insurance Company for all costs, expenses, and attorneys' fees incurred and/or expended by or on the behalf of James J. Anderson Construction Company, Inc.; and

2. Alternatively, Belfi Bros. and Company, Inc. is obligated to defend James J. Anderson Construction Company, Inc. in the civil action styled as *Panvini, et ux v. James J. Anderson Construction, et al.,* Philadelphia County Court of Common Pleas, July Term, 2023, No. 02861, and to reimburse plaintiff Zurich American Insurance Company for all costs, expenses, and attorneys' fees incurred and/or expended by or on the behalf of James J. Anderson Construction Company, Inc.;

and, in support thereof, avers as follows:

1. This declaratory judgment proceeding arises out of the failure of Citizens Insurance Company of America ("Citizens") to defend, and potentially indemnify its insured, James J. Anderson Construction Company, Inc. ("JJA"), in an underlying civil action styled

*James J. Anderson Construction, et al.,* Philadelphia County Court of Common Pleas, July Term, 2023, No. 02861 (the "Panvini Litigation").

2. The Panvini Litigation was filed by James Panvini ("Panvini") on July 28, 2023 against JJA and SEPTA, and concerns a fall which occurred on February 2, 2023, during construction work being performed by Citizen's named insured, Belfi Bros. and Company, Inc. ("Belfi") for JJA at the Susquehanna-Dauphin subway station (referred to as the "construction project site"). Panvini Complt. at ¶¶7, 10, and 13. (Doc. 1-4, pp. 6,7).

3. At the time of his accident, Panvini was employed by Belfi, who had been hired by JJA to complete work at the construction project site. *Id*. at ¶10. (Doc. 1-4, pp. 7).

4. Panvini alleges that he fell down steps while carrying a saw, during the course and scope of his employment with Belfi. *Id*. at ¶13. (Doc. 1-4, pp. 7).

5. Panvini sued JJA and Septa. An action by Panvini against Belfi is barred by the exclusivity provisions of the Pennsylvania Workers' Compensation Act. See 77 P.S. § 481(a).

6. JJA is alleged to have acted through its agents, servants, workmen, and employees. *Id*. at ¶8, 34. (Doc. 1-4, pp. 7, 10).

**Contract Between Belfi and JJA**

7. JJA hired Panvini's employer, Belfi, to perform tile work at the station. (Doc. 1-1, p. 23)

8. The JJA-Belfi Contract required Belfi to maintain commercial general liability insurance, and name JJA as an additional insured for its work on a primary, non-contributory basis. See JJA-Belfi Contract, at "Subcontractor Insurance Requirements", ¶¶2, 11. (Doc. 1-1, pp. 26-27, 28).

9. The JJA-Belfi Contract also required Belfi to have a safety program in place to prevent injury to Belfi's employees. *Id*. at Section 21, "Safety". (Doc. 1-1, p. 16).

**Relevant Insuring Agreements and Tender**

10. Defendant Citizens provided occurrence-based commercial general liability coverage to Belfi at Policy ZBY H215124 02 effective March 1, 2022 to March 1, 2023 (the "Citizens Policy"). (Doc. 12-1, p. 3).

11. JJA is a Named Insured under a commercial general liability insurance policy issued by Zurich American Insurance Company ("Zurich"), at Policy No. GLO 4378784-11, in effect from March 31, 2022 to March 31, 2023 (the "Zurich Policy"). (Doc.1-3, p. 2).

12. The Citizens Policy contains multiple additional insured endorsements providing additional insured status to any party that Belfi was required to name as an additional insured. See Citizens Policy at Additional Insured – Owners, Lessees Or Contractors – Automatic Status For Other Parties When Required In Written Construction Agreement (CG 2038 (04/13)) (Doc. 12-1, pp. 202-203); and Commercial General Liability Broadening Endorsement (421-2915 (06/15)) (Doc. 12-1, pp. 152).

13. As Belfi was required to name JJA as an additional insured, JJA accordingly qualifies as an additional insured on the Citizens Policy.

14. The defense of JJA was tendered to Citizens, and the tender of February 15, 2024 specifically notes that Panvini was precluded from suing Belfi. (Doc. 1-5, p. 3).

**II.    ARGUMENT**

15. An insurer's duty to defend is determined by comparing the allegations in the underlying complaint with the relevant policy of insurance, *see Kvaerner U. S., Inc. v. Commer. Union Ins. Co.*, 589 Pa. 317, 908 A.2d 888, 896 (2006), and the averments contained in the complaint must be "liberally construed with all doubts as to whether the claims may fall within the policy coverage to be resolved in favor of the insured." *Roman Mosaic and Tile*

3

*Co. v. Aetna Cas. and Sur. Co.*, 704 A.2d 665, 669 (Pa. Super. 1997).

16. In determining a duty to defend, courts are required to consider the fact that a tort plaintiff's employer has immunity from suit under the Pennsylvania Workers' Compensation Act. *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 679 (3d. Cir. 2016).

17. Coverage under the Citizens' additional insured endorsements is afforded for liability caused "in part" by the acts or omissions of Belfi.

18. Allegations of negligence pled against JJA, who was averred to be acting through its agents and representatives, include "failing to provide Plaintiff with a safe place to work" and "failing to correct a dangerous and hazardous condition of which Defendant was aware or should have been aware, specifically, allowing Plaintiff to unsafely transport heavy equipment/machinery down a set of steps at the aforesaid construction site premises and failing to provide an alternative, safe method to do so". *Id*. at ¶34(e), (i). (Doc. 1-4, p. 13).

19. Panvini claims that JJA was negligent for failing to properly plan, supervise and regulate the work as it was being performed. *Id*. at ¶34(l). (Doc. 1-4, p. 13).

20. Of note, these tasks are undertaken by the employer, and were the contractual responsibility of Belfi, who agreed to "take all necessary precautions while performing Subcontractor's Work to prevent damage, injury, or loss including, not limited to: (i) all Subcontractor's personnel on the Project". JJA-Belfi Contract at Section 21. (Doc. 1-1, p. 16).

21. As detailed in plaintiff's memorandum of law, JJA is being sued for liability caused by its subcontractor Belfi's operations, triggering Citizens' defense obligations for JJA.

22. The insurance coverage afforded to JJA, a Named Insured under the Zurich Policy, is <u>excess</u> over any other primary insurance available to JJA which covers liability for damages arising out of operations for which JJA has been endorsed or added as an

additional insured.  Zurich Policy at CGL form, Section IV.¶4. (Doc. 1-3, p. 60).

23. The Citizens Policy provides primary insurance coverage, and thus Citizens has the primary duty to defend to JJA for the claims in the Panvini Litigation.

**Alternative Relief as to Belfi**

24. Belfi agreed to name JJA as an additional insured on its liability policy on a primary, non-contributing basis, "even for claims regarding [JJA's] sole negligence."  (Doc. 1-1, p 28).

25. Zurich contends that JJA is additional insured on the Citizens Policy and that Citizens has an obligation to the defend JJA.  However, in the event it is determined that JJA does not have additional insured coverage for the Panvini Litigation, Belfi is in breach of its contract and should be compelled to defend JJA for the Panvini Litigation.

**WHEREFORE**, plaintiff Zurich American Insurance Company, individually and as subrogee of James J. Anderson Construction Company, Inc., respectfully requests that this Honorable Court enter an Order granting plaintiff's motion for partial judgment on the pleadings.

Respectfully submitted,

s/ Marc J. Syken
Marc J. Syken, Esquire
Attorneys for Plaintiff,
Zurich American Insurance Company